*William H. Tompkins* for appellants.

*Clarence P. Moser* and *Raymond Bentley* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

JAMES L. BRUFF et al., as Administrators of the Estate of CHARLES A. BRUFF, Deceased, Appellants, *v.* ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, Respondent.

*Trust — income — husband and wife — trust for benefit of husband and wife and survivor — claim that income paid to wife vested in husband as survivor upon her death — agreement that money should remain property of wife.*

*Bruff* v. *Rochester Trust & Safe Deposit Co.,* 218 App. Div. 67, affirmed.

(Argued April 7, 1927; decided May 3, 1927.)

APPEAL from a judgment, entered December 7, 1926, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint. This action was brought by the plaintiffs, as administrators of the estate of Charles A. Bruff, deceased, to recover of the defendant a sum of money deposited in the Fidelity Trust Company of Rochester in her own name by Ardelia Bruff, who was the wife of said Charles A. Bruff and predeceased him. The fund in dispute consisted of moneys paid to Ardelia Bruff by said Fidelity Trust Company as income under a certain trust agreement made for the benefit of said Ardelia Bruff and her husband, Charles A. Bruff, during their lives and the survivor of them, by Sarah L. Willis. The husband's administrators claim that the accumulated income belonged to husband and wife jointly and vested in him as survivor upon her death. The Appellate

Division made a new finding of fact to the effect that it was agreed between husband and wife that the income from the trust fund as paid to Ardelia Bruff should be and remain her property.

*Arthur E. Sutherland* for appellants.

*George H. Harris* and *Horace G. Pierce* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

EDWARD S. BOWLEND, JR., Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

*Principal and surety — undertaking — bonds — condition that judgment not exceeding stated amount with interest and costs will be paid — surety not liable for running interest on claim when such interest with principal sum recovered exceeds penal sum of undertaking.*

*Bowlend* v. *United States F. & G. Co.,* 218 App. Div. 656, affirmed. (Argued April 7, 1927; decided May 3, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 11, 1927, in favor of defendant, upon the submission of a controversy under sections 546 and 547 of the Civil Practice Act. The controversy was as to the proper interpretation of an undertaking the condition of which was that " the defendant, Frederick A. De Pilis, will, on demand, pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant, Frederick A. De Pilis, not exceeding the sum of One thousand ($1,000) Dollars with interest and costs." On March 16, 1926, plaintiff took judgment against De Pilis for $1,000, the amount of his claim, with $198 interest, being the amount accrued from October 21, 1922, and $186.71 costs. Defendant herein paid plaintiff the amount of its conceded liability, namely, $1,000, with interest from March 16, 1926, the date of the judgment against De Pilis, and $186.71 costs, with interest thereon